**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GREGORY LINDSEY,**

        **Petitioner,**

  v.                             **Civ. Action No. 1:18cv41
                                       (Judge Kleeh)**

**JENNIFER SAAD, Warden,**

        **Respondent.**

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE [DKT. NO. 32]**

### I.   Introduction and Procedural History

On February 12, 2018, Gregory Lindsey ("Petitioner") filed a *pro se* Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus against Jennifer Saad ("Respondent") [Dkt. No. 1]. Pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure 2, the Court referred the case to the Honorable Michael J. Aloi, United States Magistrate Judge, for an initial review and report and recommendation on the disposition of this matter.

On May 2, 2018, Respondent filed a motion to dismiss or, in the alternative, a motion for summary judgment [Dkt. No. 11]. After issuance of a Roseboro notice [Dkt. No. 12], the Petitioner filed a response to the motion [Dkt. No. 22]. Respondent filed a reply on June 14, 2018[1] [Dkt. No. 23]. On December 17, 2018,

---

[1] Petitioner attempted to file a response or surreply to Respondent's reply in support of the motion to dismiss on July 9, 2018 [Dkt. No. 27]. Petitioner was advised by Order on June 25, 2018 [Dkt. No. 25] that a surreply memorandum may

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE [DKT. NO. 32]**

Magistrate Judge Aloi entered a report and recommendation ("R&R"), recommending that the Court grant Respondent's motion (Dkt. No. 32) and that the § 2241 petition [Dkt. No. 1] be denied and dismissed.

In the R&R, Magistrate Judge Aloi also informed the parties of their right to file objections to the recommendation within 14 days of being served with the R&R [Dkt. No. 32 at 14]. Petitioner received the R&R on December 19, 2018 [Dkt. No. 33]. He then moved for an extension of time to file objections to the R&R, and this motion was filed on December 27, 2018 [Dkt. No. 34]. By Order entered January 4, 2019, the Court granted Petitioner a 30-day extension of time by which to file objections to the R&R [Dkt. No. 35]. Petitioner filed *Objections to the Report and Recommendation* [Dkt. No. 38] on January 8, 2019. On June 12, 2019, Petitioner filed a document titled "*Order to Show Cause – Petitioner is Asking the Courts to Show Cause and Grant the Petitioner Good Time Credits*" [Dkt. No. 41] and requested the same relief as in the § 2241 petition. No other pleadings were filed by the parties.

For the reasons articulated below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

---

not be filed. Accordingly, Petitioner's additional response is not considered by the Court. See. Local Rule of Prisoner Litigation Procedure ("LR PL") 11(d).

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE [DKT. NO. 32]**

## II. Facts

This Court believes that a full recitation of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section III of the magistrate judge's R&R [Dkt. No. 22 at 4-6]. An abbreviated review of the relevant facts follows below.

The Petitioner is currently serving a sentence in federal custody[2] for a conviction in the Superior Court of the District of Columbia ("D.C. Superior Court"), Case No. 1998-FEL-003373, on charges of First Degree Murder While Armed, in violation of D.C. Code §§ 22-2404, 3202;[3] Possession of a Firearm During a Crime of Violence, in violation of D.C. Code § 22-3202;[4] and Carrying a Pistol Without a License, in violation of D.C. Code § 22-3204(A)[5] [Dkt. No. 32 at 5]. On September 10, 1999, Petitioner was sentenced in the D.C. Superior Court to 20 years to life for First

---

[2] On August 5, 1998, the United States Parole Commission ("USPC") assumed jurisdiction over District of Columbia ("D.C.") offenders sentenced to parolable sentences, and over D.C. parolees, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997. See Public Law No. 10533, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998). The Revitalization Act provides that BOP is responsible for computing the sentences of D.C. offenders housed in BOP facilities. D.C. ST. § 24-101(b). While the BOP is responsible for computing sentences of D.C. offenders housed in its facilities, the District of Columbia continues to control the computation of such sentences.

[3] These provisions have been updated and recodified in §§ 22-2101, 4502, respectively.

[4] This provision has been recodified in § 22-4504(b).

[5] This provision has been recodified in § 22-4508(a)(1).

Degree Murder While Armed; 5 years to 15 years for Possession of a Firearm During a Crime of Violence; and 20 months to 5 years for Carrying a Pistol Without a License, with some counts concurrent and some consecutive to one another, resulting in a mandatory minimum term of 25 years.[6] Petitioner's conviction was upheld on appeal. See Lindsey v. United States, 911 A.2d 824 (D.C. App. Nov. 30, 2006).

In his § 2241 petition, the Petitioner challenges the Bureau of Prison's ("BOP") computation of his good time credit ("GTC") and his parole eligibility date [Dkt. No. 1]. Specifically, the Petitioner argues that the BOP should calculate his GTCs in accordance with the District of Columbia's Good Time Credits Act of 1986 ("D.C. GTCA"), D.C. Code § 24-428 et seq., and apply the GTCs against the mandatory minimum term to which he has been sentenced [Id.].

---

[6] Petitioner's Judgment and Commitment/Probation Order specified that he receive a sentence of 20 years to life on the "Count C" murder conviction, with a mandatory minimum sentence of 20 years. For the conviction on the "Count D" possession of a firearm during a crime of violence, he received a sentence of 5-15 years, with a mandatory sentence of 5 years. For his "Count E" conviction for carrying a pistol without a license, he received a sentence of 20 months to 5 years [Dkt. No. 32, at 5-6, n.6]. Count C was ordered to run consecutive to any other charges; Count D was ordered to run consecutive to Count C but concurrent with Count E. Count E was ordered to run consecutive to Count C but concurrent to Count D. Because he received a mandatory 20-year sentence on the Count C murder conviction and a mandatory 5-year sentence on Count D, Petitioner has a total mandatory minimum sentence of 25 years [Id.]; [Dkt. No. 11-3 at 4]. The Judgment and Commitment Order indicates that a "MANDATORY MINIMUM term of 25 (twenty-five) years applies to the sentence imposed" [Dkt. No. 11-3 at 4](capitalization in original).

### III. Standard of Review

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Petitioner's petition will be liberally construed because he is proceeding *pro se*. See Estelle v. Gamble, 429 U.S. 97 (1976). Petition's objections [Dkt. No. 38] are addressed to Respondent's arguments in support of the motion to dismiss as well as the magistrate judge's recommendation. The Court will only address the objections directed to the R&R.

### IV. Legal Standard

#### a. Habeas Corpus Generally

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The sole remedy in federal court for a prisoner seeking restoration of good

5

time credits or seeking to invalidate his disciplinary conviction is a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641 (1997); Preiser, 411 U.S. at 475. Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004)(citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

**b. Motion to Dismiss**

As to the failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although *pro se* pleadings are to be liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1993). A plaintiff must allege facts that actually support a plausible claim for relief. Iqbal, 556 U.S. at 678.

Courts liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys. Estelle

v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 5 (1980)(per curiam). The liberal construction that is afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court need not rewrite a complaint to "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). "Liberal construction" does not mean that a court will ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal court." Weller v. Dep't. of Social Servs., 901 F.2d 387 (4th Cir. 1990).

**c. Motion for Summary Judgment**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of

proof." Id. at 317-18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## V.   Discussion

The Court has thoroughly reviewed the record and finds no error in the magistrate judge's R&R. Based on the manner in which Petitioner's sentences were imposed by the D.C. Superior Court, the Petitioner has a life sentence, subject to parole, with a mandatory minimum term of 25 years [Dkt. No. 11-3 at 4]. The Petitioner was sentenced on September 10, 1999, with an offense date of February 23, 1992, and was sentenced under the D.C. GTCA [Id.; Dkt. No. 11-2]. He does not earn statutory good time ("SGT") credit on his sentence, as 18 U.S.C. § 4161 provides:

> Each prisoner convicted of an offense against the United States and confined in a penal or correction institution for *a definite term other than for life*, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run….

18 U.S.C. § 4161(emphasis supplied).

At the time Petitioner filed this matter, his parole eligibility date was calculated to be November 17, 2022 [Dkt. No.

11-2 at ¶¶18-19]. During the audit of the Petitioner's sentence computation conducted as part of this litigation, it was discovered that Petitioner's Extra Good Time ("EGT") would have reduced his sentence below the 25-year mandatory minimum term to which he was sentenced. [Id.]. Accordingly, given the Petitioner's 25-year mandatory minimum term, his Effective Full Term Date ("EFT") is January 31, 2023, and his parole eligibility date cannot be earlier [Id.]. BOP Program Statement 5880.33 of the District of Columbia Sentencing Computation Manual ("PS 5880.33") and states: "[a] minimum term imposed that is equal to the mandatory minimum term for that sentence will not receive good time credits[]," and "[i]f the minimum term imposed is equal to the mandatory minimum which must be served for the offense, then no good time may be awarded and there is no need to establish an 85/15% date *since the mandatory minimum date would be the parole eligibility date*" [Dkt. No. 11-2 at ¶21](emphasis supplied); see also BOP Program Policy Statement 5880.33(16.17)[7]; Kinard v. O'Brien, 2008 WL 2095112, *2 (W.D. Va. 2008). "The final parole eligibility date may never be reduced to a date that is earlier than the date that would be established based only on the mandatory minimum term." See BOP Program Policy Statement 5880.33(16.17(b)); see also Coachman v.

---

[7] The BOP Program Policy Statement is entitled to deference. See Reno v. Koray, 515 U.S. 50 (1995).

U.S. Parole, 816 F.Supp.2d 20, 23 (D.D.C. 2011)("because petitioner was serving a mandatory minimum term of five years, good time credit could not have advanced his parole eligibility date").

As observed by the magistrate judge, Petitioner appears to concede that he has a mandatory minimum sentence of 25 years [Dkt. No. 32 at 10; Dkt. No. 22 at 2]. However, the Petitioner believes that because DC Code § 22-2404, under which he was sentenced, is not excepted from the provision for institutional GTCs under the D.C. GTCA, his parole eligibility date should be adjusted accordingly [Dkt. No. 22 at 4]. Petitioner relies on Cunningham v. Williams, 711 F.Supp. 644 (D.D.C. 1989) *rev'd*, 954 F.2d 760, 293 U.S. App. D.C. 329, 1992 U.S. App. LEXIS 1059 (D.C. Cir. 1992), and Lorando v. Waldren, 629 F.Supp 2d 60 (D.D.C. 2009) to support his claims.

The Petitioner is not entitled to the relief he requests. Cunningham was reversed by Poole v. Kelly, 954 F.2d 760 (D.C. Cir. 1992) which held that, subsequent to the decision in Cunningham, the D.C. City Council passed legislation to specifically exclude persons sentenced under D.C.'s first-degree murder statute from the D.C. GTCA. Poole, 954 F.2d at 762 ("In May 1987, one month after the effective date of the [D.C.] GTCA, the Director of the DOC issued a departmental order specifying that the Act does not

apply to persons convicted of first-degree murder and sentenced under § 2404(b).") Petitioner's reliance on Lorando is also misplaced, as its general discussion of the application of GTCs does not impact the circumstances here. Petitioner is prohibited from earning GTCs that would result in a sentence below the 25-year mandatory minimum.

The record further establishes that even if Petitioner's minimum term was not equal to his mandatory minimum, institution and educational good time credits still would not be applied to Petitioner's minimum term, because these types of credits cannot be applied to the minimum terms of persons sentenced under §§ 22-3202, 22-2404(b), or 22-3204(b), and Petitioner was sentenced under all three of these precluding statutes. See D.C. Code § 24-434 (repealed)(currently codified as D.C. Code § 24-221.06 ("[i]nstitutional and good time credits shall not be applied to the minimum terms of persons sentenced under § 22-3202, § 33-501, § 33-541, § 22-2404 or § 22-4504(b).")); see also Gordon v. Warden, 1:07cv85, 2008 WL 2704518, at *4 (N.D. W. Va. July 3, 2008)(inmate sentenced under D.C. Good Time Credits Act of 1986 was not entitled to good time credits against his minimum sentence imposed under § 24-221.06). Under a literal reading of D.C. Code § 24-221.06, Petitioner is not entitled to apply GTCs to his mandatory minimum sentence of 25 years for having been convicted of violent crimes

while armed. This Court agrees that Petitioner's § 2241 claims regarding the application of GTCs to his sentence and computation of parole eligibility should be denied and dismissed with prejudice.

## VI. Conclusion

Upon careful review of the Report and Recommendation [Dkt. No. 32], and for the reasons stated, the Court **ORDERS**:

(1) That the Report and Recommendation [Dkt. No. 32] be **AFFIRMED and ADOPTED** for the reasons more fully set forth therein;

(2) That Petitioner's Objections [Dkt. No. 38] are **OVERRULED**;

(3) That Respondent's *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* [Dkt. No. 11] is **GRANTED**;

(4) That Petitioner's application for habeas corpus under 28 U.S.C. § 2241 [Dkt. No. 1] be, and it hereby is, **DENIED** and **DISMISSED WITH PREJUDICE**; and

(5) That this matter be **STRICKEN** from the active docket of this Court.

The Court further **DIRECTS** the Clerk to enter judgment in favor of Respondent.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the *pro se* Petitioner, by certified mail, return receipt requested.

**DATED:** September 23, 2019.

                                        /s/ Thomas S. Kleeh
                                        THOMAS S. KLEEH
                                        UNITED STATES DISTRICT JUDGE